IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CLARK | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 16 C 7101 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff William Clark's (Clark) motion for summary judgment and Defendant Social Security Administration's (SSA) motion for summary judgment. For the reasons stated below, SSA's motion is denied, Clark's motion is granted in part, and this matter is remanded to SSA for further proceedings consistent with this opinion.

# BACKGROUND

On December 11, 2012, Clark applied for disability insurance and supplemental security income benefits, and such requests was denied initially and denied again after a request for reconsideration. Clark was then accorded a hearing before an Administrative Law Judge (ALJ), and he entered a decision denying the

application. On May 17, 2016 the Appeals Council denied a request for review. On July 8, 2016, Clark filed the instant appeal. Clark has filed a motion for summary judgment, seeking to have this case remanded to the ALJ for further proceedings to correct errors made by the ALJ. SSA has filed a motion for summary judgment seeking to have the ALJ's decision affirmed.

## LEGAL STANDARD

Pursuant to 42 U.S.C. §405(g), a party can seek judicial review of administrative decisions made under the Social Security Act. When an ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## DISCUSSION

An ALJ examines a claim of disability under a five-step process. *Craft v. Astrue*, 539 F.3d 668, 673-74 (7th Cir. 2008). In step one, the ALJ "considers whether the applicant is engaging in substantial gainful activity." *Id.* In step two, the ALJ "evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement." *Id.* In step three, the ALJ "compares the impairment to a list of impairments that are considered conclusively disabling." *Id.* If the applicant's impairment satisfies "or equals one of

the listed impairments, then the applicant is considered disabled" and the inquiry ends. *Id.* If the inquiry continues, in step four, the ALJ "assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work." *Id.* In step five, the ALJ "assesses the applicant's RFC, as well as her age, education, and work experience to determine whether the applicant can engage in other work," and "[i]f the applicant can engage in other work, he is not disabled." *Id.* In the instant appeal Clark argues: (1) that the ALJ failed to properly evaluate Clark's shoulder impairment in the RFC assessment, (2) that the ALJ failed to consider Clark's combination of impairments in the RFC assessment, and (3) that the ALJ erred in assessing Clark's credibility, and that (4) Clark is disabled under Vocational Guideline 202.06 (Guideline 202.06).

I. RFC Assessment

Clark argues that the ALJ failed to consider Clark's shoulder impairment or the combination of impairments in the RFC assessment. An RFC constitutes "an assessment of what work-related activities the claimant can perform despite h[is] limitations" and such a determination must be made "based on all the relevant evidence in the record." *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004).

    A. Shoulder Impairment

Clark contends that the ALJ failed to properly consider his shoulder limitation by failing to take into consideration Clark's non-exertional limitations in reaching.

The ALJ made general comments relating to Clark's shoulders, stating that "[a]n exam noted painful range of motion above the shoulders," and that his shoulders had certain limitations in their active range. (AR 124-45). However, the ALJ failed to specifically address in sufficient detail Clark's limitations in reaching. There was extensive evidence in the record detailing his pain in his shoulders and limited range of his shoulders. (AR 441-446, 452-457, 460). The record also reflects that the medical expert relied upon by the ALJ failed to adequately address the limitations in reaching. (AR 51-53). On remand, the ALJ should address the reaching limitations in the RFC analysis.

>B. Combination of Impairments

Clark contends that the ALJ failed to properly consider his obesity and combination of impairments. During an RFC analysis, the ALJ must take into consideration the impact of the combination of impairments. *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). The record does not reflect that the ALJ properly considered Clark's obesity in combination with his many other impairments such as his degenerative disc disease and cardiovascular impairment. On remand, the ALJ should address the combination of impairments in the RFC analysis.

II. Credibility Assessment

Clark contends that the ALJ erred in evaluating the credibility of Clark. Credibility assessments made by an ALJ are given "special, but not unlimited,

deference." *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012)(stating that "[t]he ALJ must consider a number of factors imposed by regulation, . . . and must support credibility findings with evidence in the record"); *see also Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014)(stating that "[a]n ALJ may not discount a claimant's credibility just because her claims of pain are unsupported by significant physical and diagnostic examination results"). The ALJ concluded that based on Clark's use of a wheelchair at the hearing and the use of a cane, that Clark was attempting to deceive the ALJ as to his symptoms and impairments. While the ALJ's credibility determinations are entitled to difference, the ALJ must make an informed decision concerning such determinations. *See Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016)(indicating that the ALJ should not make "unsupported judgments" when assessing credibility). Clark correctly points out that there is no evidence that the ALJ ever asked Clark why he had a wheelchair at the hearing or why he used a cane. The mere fact that Clark did not have a prescription for such forms of assistance did not mean that Clark was being dishonest. The ALJ also concluded that Clark was being dishonest in regard to symptoms because he applied for unemployment benefits and indicated he was capable of working. However, again the ALJ failed to question Clark concerning such an application. On remand, the ALJ should conduct the necessary inquiry regarding such matters.

III. Guideline 202.06

Clark argues that even if he is found capable of light work, a finding of disability is warranted under Guideline 202.06. SSA, however, responds that the medical-vocational guidelines would only become relevant if Clark cannot perform his past relevant work. Clark has not disagreed and has chosen not to pursue this argument in his reply. On remand, the ALJ can consider the applicability of Guideline 202.06.

## CONCLUSION

Based on the foregoing analysis, SSA's motion is denied, Clark's motion is granted in part, and this matter is remanded to SSA for further proceedings consistent with this opinion.

                                         _____
                                         Samuel Der-Yeghiayan
                                         United States District Court Judge

Dated: April 28, 2017